| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND ALFORD BRADFORD,<br><br>  Plaintiff,<br><br>  v.<br><br>E. KVICHKO,<br><br>  Defendant. | Case No.: 1:16-cv-01077-SAB (PC)<br><br>ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS<br>(ECF No. 2)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF CERTAIN CLAIMS<br><br>**FOURTEEN (14) DAY DEADLINE** |

## I.

## INTRODUCTION

Plaintiff Raymond Alford Bradford is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff's motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) is currently before the Court. (ECF No. 2.)

## II.

## MOTION TO PROCEED IN FORMA PAUPERIS

The Prison Litigation Reform Act of 1995 (PLRA) was enacted "to curb frivolous prisoner complaints and appeals." Silva v. Di Vittorio, 658 F.3d 1090, 1099-1100 (9th Cir. 2011). Pursuant to the PLRA, the in forma pauperis statue was amended to include section 1915(g), a non-merits related screening device which precludes prisoners with three or more "strikes" from proceeding in forma

1

pauperis unless they are under imminent danger of serious physical injury. Andrews, 493 F.3d at 1050. The statute provides that "[i]n no event shall a prisoner bring a civil action … under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Plaintiff is subject to section 1915(g) because on three or more occasions he has filed actions that have been dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted.[1] Thus, the Court turns to whether Plaintiff has met the imminent danger exception, which requires Plaintiff to show that he is under (1) imminent danger of (2) serious physical injury and which turns on the conditions he faced at the time he filed suit on July 26, 2016. Andrews, 493 F.3d at 1053-1056. Conditions which posed imminent danger to Plaintiff at some earlier time are immaterial, as are any subsequent conditions. Id. at 1053. While the injury requirement is merely procedural rather than a merits-based review of the claims, the allegations of imminent danger must still be plausible. Id. at 1055.

In this case, Plaintiff alleges as follows: On December 16, 2015, psychiatrist E. Kvichko diagnosed Plaintiff with having a mental illness and filed a Keyhea petition to forcefully medicate him with psychotropic medications, based on allegations that Plaintiff stabbed his cellmate and is a danger to others. Defendant Kvichko's petition was based on false allegations and lies, and Defendant Kvichko gave false testimony to deliberately punish and harm Plaintiff. The psychotropic medications that Plaintiff is being forced to take gives him severe chest pain and blurred vision, which continued through the date of his complaint. Although Plaintiff has complained to Defendant Kvichko about the side effects, his complaints have been met with no avail, and he is told that "all medication has side effects." (ECF No. 1, at p. 3.)

---

[1] The Court takes judicial notice of the following cases: Bradford v. White, et al., No. 2:98-cv-00180-FCD-JFM-PC (dismissed June 3, 1999 as frivolous); Bradford v. Terhune, et al., No. 1:04-cv-05496-AWI-DLB-PC (dismissed Oct. 21, 2004 for the failure to state a claim); Bradford v. Grannis, No. 2:05-cv-00862-FCD-DAD-PC (dismissed Sept. 30, 2007 as frivolous and for the failure to state a claim); and Bradford v. Terhune, et al., No. 1:04-cv-05261-LJO-SMS-PC (dismissed May 12, 2008 for the failure to state a claim).

The Court finds that, liberally construed, Plaintiff's allegations plausibly demonstrate the existence of an imminent danger of serious physical injury when he filed his complaint. Accordingly, Plaintiff's application to proceed in forma pauperis in this action shall be granted.

The Court now turns to screening the allegations of Plaintiff's complaint, filed on July 26, 2016. (ECF No. 1.)

## III.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

///

3

# IV.

# COMPLAINT ALLEGATIONS

Plaintiff is currently incarcerated at R.J. Donovan Correctional Facility, in San Diego, California. His allegations concern events while he was incarcerated at Kern Valley State Prison ("KVSP"), in Delano, California. Plaintiff names as a Defendant E. Kvichko, a psychiatrist employed at KVSP.

Plaintiff's allegations against Defendant Kvichko are summarized above. Based on those allegations, Plaintiff asserts a claim against Defendant Kvichko for the violation of his Eighth Amendment rights to be free from cruel and unusual punishment. Plaintiff also asserts a claim for a violation of his due process rights under the Fourteenth Amendment, based upon the false testimony at the Keyhea hearing.

# V.

# DISCUSSION

## A. Due Process

Plaintiff asserts that his due process rights were violated because Defendant Kvichko's Keyhea petition was false, and because the administrative law judge allowed Defendant Kvichko to give false testimony, Plaintiff was denied the right to a fair hearing. Plaintiff further asserts that because Defendant Kvichko lied under oath, there was insufficient evidence that he was a danger to others.

The Due Process Clause permits the state to treat an "inmate who has a serious mental illness with antipsychotic drugs against his will, if the inmate is dangerous to himself or others and the treatment is in the inmate's medical interest." Washington v. Harper, 494 U.S. 210, 229 (1990). Further, under Keyhea v. Rushen, 178 Cal. App. 3d 527 (1986), the California Court of Appeal held that "state prisoners presently have a statutory right to refuse long-term treatment with psychotropic drugs absent a judicial determination that they are incompetent to do so." Id. at 527.

In this case, Plaintiff alleges that the administrative law judge granted the Keyhea petition after a hearing on the matter. This comports with the requirements of due process. See Washington v. Harper, 494 U.S. 210, 231-33 (1990) (notice and a hearing required prior to the involuntary use of psychotropic medications on inmates); Lamon v. Junious, 505 Fed. App'x 662, 662 (9th Cir. 2012)

(same). Plaintiff's allegations nevertheless assert that the hearing was unfair, and although he does not name the administrative law judge as a defendant, he alleges that the judge did not properly conduct the hearing because false testimony was allowed to be heard. To the extent Plaintiff alleges that the administrative law judge violated his constitutional rights during court proceedings, he cannot do so in this action. The administrative law judge is entitled to absolute immunity from any claims under § 1983. See Stump v. Sparkman, 435 U.S. 349 (1978). The Court lacks jurisdiction to consider Plaintiff's challenge to the administrative law judge's decision to order Plaintiff to receive medication involuntarily. See Coleman v. City of Sacramento, No. 2:16-cv-575 CKD P, 2016 WL 2901657, at *3 (E.D. Cal. May 18, 2016); Meyers v. The Health & Hospitals Corp., No. 14-cv-7448 (CBA) (LB), 2016 WL 2946172, at *10-11 (E.D.N.Y. May 18, 2016); Wilson v. Shumway, 264 F.3d 120, 125 (1st Cir. 2001).

Plaintiff specifically asserts that his rights were violated by Defendant Kvichko when the psychiatrist knowingly making false statements in a Keyhea petition and in the Keyhea proceedings, which led to his court-ordered involuntary medication. To the extent Plaintiff's claims are premised on Defendant Kvichko's false testimony in connection with the Keyhea proceeding, however, that defendant is absolutely immune from any § 1983 claim. See Meyers v. Contra Costa Cty. Dep't of Soc. Servs., 812 F.2d 1154, 1156 (9th Cir. 1987) ("[W]itnesses are immune from liability [under § 1983] for their testimony").

Similarly, to the extent Plaintiff's claims are premised on Defendant Kvichko's execution of the administrative law judge's order requiring that he be involuntarily medicated, Defendant Kvichko is also entitled to absolute immunity from such a claim. See Kulas v. Valdez, 159 F.3d 453, 457 (Trott, J., concurring) ("This circuit has repeatedly stated that quasi-judicial immunity protects those who execute [state] court orders from liability in civil rights actions." (collecting cases)).

For all of these reasons, Plaintiff has failed to state a claim for a violation of his due process rights under the Fourteenth Amendment. Because the defects in his claim cannot be cured, the Court further finds that leave to amend should not be granted, and this claim should be dismissed with prejudice.

///

### B. Eighth Amendment – Deliberate Indifference

Plaintiff also asserts an Eighth Amendment violation based on Defendant Kvichko's indifference to his complaints about severe side effects of the psychotropic medication.

The Eighth Amendment demands, among other things, that prison officials not act in a manner "sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976). An Eighth Amendment claim based on inadequate medical care has two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992). A medical need is "serious" "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" Id. (quoting Estelle, 429 U.S. at 104); see also Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).

According to Plaintiff's allegations, there was no medical need for the medication, and Defendant Kvichko intentionally falsified a Keyhea petition and gave false testimony for the purpose of punishing and harming Plaintiff. Further, Plaintiff alleges that he suffered severe chest pain and blurred vision, that he complained of these matters to Defendant Kvichko, but the psychiatrist only responded that "all medication has side effects." (ECF No. 1, at p. 3.)

Liberally construed, Plaintiff has stated a claim for deliberate indifference to serious medical needs in violation of the Eighth Amendment against Defendant Kvichko.

### VI.
### CONCLUSION AND RECOMMENDATIONS

Based on the foregoing analysis, the Court HEREBY ORDERS as follows:

1. The Clerk of the Court shall randomly assign a district judge to this action; and

2. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is granted.

Furthermore, the Court HEREBY RECOMMENDS that:

1. Plaintiff's claim for a violation of his due process rights under the Fourteenth Amendment be dismissed, with prejudice, for the failure to state a claim; and,

///

2. This action proceed only on Plaintiff's claim for deliberate indifference to a serious medical need in violation of the Eighth Amendment against Defendant Kvichko.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **December 28, 2017**

UNITED STATES MAGISTRATE JUDGE