UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND ALFORD BRADFORD,<br><br>   Plaintiff,<br><br>v.<br><br>E. KVICHKO,<br><br>   Defendant. | Case No.: 1:16-cv-01077-AWI-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR AN ORDER MODIFYING THE ORDER DENYING HIS MOTION REGARDING HIS LEGAL PROPERTY<br><br>[ECF No. 21] |

  Plaintiff Raymond Alford Bradford is appearing *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

  On May 29, 2018, Plaintiff notified the Court that he was without his legal and personal property due to placement in administrative segregation and a housing transfer. Plaintiff sought an order requiring prison officials to immediately respond regarding his lack of access to his property. (ECF No. 16.) On June 13, 2018, the Court declined to issue such an order. (ECF No. 18.)

  Currently before the Court is Plaintiff's motion seeking an order modifying the court's order denying his request regarding his legal property. (ECF No. 21.)

  Reconsideration motions are committed to the discretion of the trial court. Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc); Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C. Cir. 1987). A party seeking reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse a prior decision. See, e.g., Kern-Tulare Water Dist. v. City of

Bakersfield, 634 F. Supp. 656, 665 (E.D. Cal. 1986), rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

Here, Plaintiff states that he has filed an emergency appeal regarding his property, he believes his property is being purposefully withheld to hinder his litigation, officials have not located his records for this case, and therefore his property may have been lost or destroyed. The court finds that this speculation is not sufficient to reverse the prior decision. Plaintiff also states that he has over 50,000 legal documents, and his records span 30 years. Given the sheer volume of Plaintiff's property, it is natural that it would take some time to transfer and locate his property.

As previously ordered, to the extent Plaintiff cannot meet a deadline due to his property issues, he may file a request for an extension of time before that deadline expires, supported by good cause. Specific issues may be addressed as they arise. This case is in its early stages, the record is relatively brief, and a discovery and scheduling order was just recently issued setting a discovery deadline of February 13, 2019. (June 13, 2018 Disc. and Scheduling Order, ECF No. 19.) Thus, there appears to be ample time for Plaintiff to continue working on these issues and to litigate his case within the deadlines currently set.

Accordingly, Plaintiff's motion is HEREBY DENIED, for the reasons explained above.

IT IS SO ORDERED.

Dated: **July 30, 2018**

UNITED STATES MAGISTRATE JUDGE