**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RAYMOND ALFORD BRADFORD,<br><br>    Plaintiff,<br><br>v.<br><br>E. KVICHKO,<br><br>    Defendant. | Case No.: 1:16-cv-01077-AWI-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S EX PARTE APPLICATION AND REQUEST FOR APPOINTMENT OF COUNSEL<br><br>[ECF No. 26] |

Plaintiff Raymond Alford Bradford is appearing *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's ex parte application and request for the appointment of counsel, dated August 5, 2018.

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1), Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525. Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

1

In the present case, the Court does not find the required exceptional circumstances. Even if it assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. The legal issues present in this action are not complex, and Plaintiff has thoroughly set forth his allegations. Further, at this early stage in the proceedings, the Court cannot yet determine that Plaintiff is likely to succeed on the merits. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not alone establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

Plaintiff states that he is still without access to his legal property since he transferred from Richard J. Donovan Correctional Facility ("RJD") on May 28, 2018. He attaches documents showing that he filed an inmate appeal about the matter on June 10, 2018, and a June 13, 2018 response stating that his appeal was forwarded to RJD for further processing. (ECF No. 26, at 6-8.) Plaintiff states that he is being prevented from presenting his claim and has missed several court imposed deadlines. As Plaintiff has been previously informed, he is not precluded from requesting an extension of any pending deadline for good cause shown, if he is diligently working on litigating this matter. No deadlines have yet passed in this case. However, Plaintiff's issue with obtaining his property is not sufficient grounds for the appointment of counsel.

For the foregoing reasons, Plaintiff's request for the appointment of counsel is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated: **August 14, 2018**

UNITED STATES MAGISTRATE JUDGE