# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND ALFORD BRADFORD,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>E. KVICHKO,<br><br>　　　　Defendant. | Case No.: 1:16-cv-01077-AWI-SAB (PC)<br><br>ORDER OVERRULING PLAINTIFF'S OBJECTION TO ORDER REQUIRING RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND<br>[ECF No. 24]<br><br>ORDER OVERRULING PLAINTIFF'S OBJECTION TO ORDER DENYING PLAINTIFF'S MOTION FOR AN ORDER MODIFYING THE ORDER DENYING HIS MOTION RE LEGAL PROPERTY<br>[ECF No. 25] |

Plaintiff Raymond Alford Bradford is appearing *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On July 30, 2018, the Court issued an order requiring a response to Plaintiff's motion for leave to amend the complaint. (ECF No. 23.) That same day, the Court also issued an order denying Plaintiff's motion for an order modifying the order denying his motion regarding his legal property. (ECF No. 22.) Currently before the Court are Plaintiff's objections to those orders. (ECF Nos. 24, 25.)

Plaintiff objects that the order requiring a response to his motion for leave to amend the complaint is clearly erroneous under Local Rule 230(l). Plaintiff is incorrect; the Court is not required to deem the failure to respond a waiver or impose sanctions, but may do so depending on the circumstances. Here, the Court found it appropriate to require a response. Nor is the Court required to now grant Plaintiff's motion to amend, as he argues. That motion will be ruled upon in due course.

1

Plaintiff also objects to the Court declining to issue an order requiring prison officials to respond regarding the denial of access to his legal property. Plaintiff states that he is without a copy of his complaint in this case while his property is inaccessible, hindering his litigation. The Court will direct that the Clerk of the Court provide Plaintiff a copy of his five-page complaint in this case.

Plaintiff otherwise states that he objects on the grounds of principle, that he is being obstructed, and that he intends to file an action against Richard J. Donovan Correctional Facility for denying him access to the courts based on his lack of access to his legal papers. The Court does not find this to be grounds to issue the requested order. It is not clear to the Court what steps have been taken to obtain the legal property that Plaintiff needs to litigate this case since his prior discussions with property officers before June 7, 2018, (Pl.'s Decl, ECF No. 21, ¶ 4), and his June 10, 2018 inmate appeal. (ECF No. 26, at 6-7.)

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's objection to the order requiring a response to his motion for leave to amend is overruled;

2. Plaintiff's objection to the order denying his motion for an order modifying the order denying his motion regarding his legal property, is overruled; and

3. The Clerk of the Court is respectfully directed to serve Plaintiff with a copy of his five-page complaint in this case, filed on July 26, 2016, (ECF No. 1).

IT IS SO ORDERED.

Dated: __**August 14, 2018**__

UNITED STATES MAGISTRATE JUDGE