# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND ALFORD BRANDFORD,<br><br>    Plaintiff,<br><br>v.<br><br>E. KVICHKO,<br><br>    Defendant. | Case No.: 1:16-cv-01077-AWI-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO STRIKE OPPOSITION TO MOTION FOR LEAVE TO AMEND, (ECF No. 31), AND DENYING MOTION FOR LEAVE TO AMEND, (ECF No. 20)<br><br>ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED FOR THE FAILURE TO STATE A COGNIZABLE CLAIM<br><br>**FOURTEEN-DAY DEADLINE** |

## I.
## INTRODUCTION

Plaintiff Raymond Alford Bradford is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This case proceeds on Plaintiff's claim for deliberate indifference to a serious medical need in violation of the Eighth Amendment against Defendant Kvichko.

Currently before the Court is Plaintiff's motion to amend the complaint, filed on July 2, 2018. (ECF No. 20.) Defendant filed an opposition on August 13, 2018, (ECF No. 27), following the Court's order requiring a response to Plaintiff's motion, (ECF No. 23). Plaintiff filed a reply on August 23, 2018, (ECF No. 33), along with a motion to strike Defendant's opposition, (ECF No. 31). Defendant has not had an opportunity to respond to the motion to strike, but the Court finds no response necessary, and that Defendant will not be prejudiced. Local Rule 230(l). The motions are deemed submitted. Id.

1

## II.

## MOTION TO STRIKE

The Court first addresses Plaintiff's motion to strike Defendant's opposition to his motion to amend. (ECF No. 31.) Plaintiff argues that Defendant missed the deadline to file any response to his motion under Local Rule 230(l), and therefore waived the right to be heard.

Previously, Plaintiff filed an objection to the order requiring Defendant to respond to his leave to amend on the same grounds raised in this motion to strike. (ECF No. 24.) That objection was overruled. (ECF No. 30.) Plaintiff's motion to strike is denied for the same reasons discussed in that order. Plaintiff is warned that further repetitive or duplicative filings will be stricken.

## III.

## MOTION FOR LEAVE TO AMEND

### A. Legal Standards

Under Federal Rule of Civil Procedure Rule 15(a), a party may amend the party's pleading once as a matter of course twenty-one days after serving, or if a response was filed, within twenty-one days after service of the response. Fed. R. Civ. P. 15(a)(1). Otherwise, a party may amend only by leave of the court or by written consent of the adverse party. Fed. R. Civ. P. 15(a)(2). Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" AmerisourceBergen Corp. v. Dialysis West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). "This policy is to be applied with extreme liberality." C.F. v. Capistrano Unified Sch. Dist., 654 F.3d 975, 985 (9th Cir. 2011). "This liberality in granting leave to amend is not dependent on whether the amendment will add causes of action or parties." DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987). However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." AmerisourceBergen Corp., 465 F.3d at 951.

### B. Allegations

In Plaintiff's original complaint, he alleged that on December 16, 2015, psychiatrist E. Kvichko diagnosed him with a mental illness and filed a Keyhea petition to forcefully medicate him with psychotropic medications, based on allegations that Plaintiff stabbed his cellmate and is a danger to others.

Defendant Kvichko's petition was based on false allegations and lies, and Defendant Kvichko gave false testimony to deliberately punish and harm Plaintiff. The psychotropic medications that Plaintiff is being forced to take give him severe chest pain and blurred vision. Although Plaintiff has complained to Defendant Kvichko about the side effects, his complaints have been met with no avail, and he is told that "all medication has side effects." (Compl., ECF No. 1, at 3.)

Plaintiff now seeks to add a claim for cruel and unusual punishment, excessive force, retaliation, discrimination, and due process, and has provided proposed supplemental allegations in his motion to amend. Among the additional details that Plaintiff alleges is that after some time of complaining to staff about his medication side effects, Defendant Kvichko ordered an EKG to monitor his heart. It confirmed some of Plaintiff's problems of chest pains. Defendant met with Plaintiff to explain the test results, and stated that although his medication would cause some chest pain, his request to have the medication discontinued would be denied.

Defendant Kvichko also told Plaintiff during another interview that she reviewed his C-File history. Defendant noted Plaintiff's "very bad past," including exposing his penis and masturbating, gassing staff, and stabbing his cellmate. Later, Defendant told Plaintiff that she was going to extend his Keyhea order, which he had been under for years. Defendant stated that Plaintiff did not take all his prescribed Keyhea medications, and she did not believe he would take it without the order in place.

At the Keyhea hearing, Defendant testified that Plaintiff would harm or kill someone if he was taken off his medication, and that he had stabbed his cellmate as shown in his C-File. On cross-examination, Plaintiff asked if Defendant had read the C-file and what did it say about Plaintiff stabbing his cellmate. Defendant responded that it was true, that's why it's there, and that's why he needs a Keyhea order.

**C. Discussion**

In his original complaint, Plaintiff asserted a claim for cruel and unusual punishment in violation of the Eighth Amendment, and for due process under the Fourteenth Amendment. The Court found that Plaintiff affirmatively pleaded that the administrative law judge granted the Keyhea petition in this case after a hearing in the matter, and therefore he cannot state a claim for any due process violation. (Findings and Recommendations, ECF No. 4 at 4-5, adopted on February 2, 2018, ECF No.

8.) His argument in his motion to amend that the medical hinders him mentally does not affect this analysis, and therefore he still cannot state any due process claim.

Plaintiff also cannot state any claim for excessive force. Plaintiff has not alleged any force or touching. His argument that due to Defendant's conduct he was "forced" to take medications, and therefore he has been subject to excessive force, is unavailing. See Williams v. City of Bakersfield, No. 1:14-CV-01955 JLT, 2015 WL 1916327, at *3 (E.D. Cal. Apr. 27, 2015) (discussing that complaint with a complete absence of facts supporting the use of any force cannot state a claim for excessive force).

Plaintiff also does not state any claim for retaliation. To state a claim for retaliation in the prison context, a Plaintiff must plead that (1) a state actor took some adverse action against a prisoner (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the prisoner's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal. Rhodes v. Robinson, 408 F.3d 559, 567–68 (9th Cir. 2005) (footnote omitted); Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995). Here Plaintiff has pleaded no protected conduct. Instead, he argues that Defendant was offended and concerned about his past violent behavior, and wished to use the Keyhea process as a deterrent and to control his behavior. This is not actionable "retaliation."

Plaintiff also alleges that Defendant is white, and that she "absentmindedly said, 'You know, you black boys are just too much for me'" during an interview, and therefore she was motivated by racial hatred. Based on this allegation, Plaintiff alleges that Defendant abused her power by using the Keyhea process to keep correctional guards safe by having Plaintiff heavily sedated. Plaintiff further alleges that to Defendant's "thinking," her conduct was reasonably related to that legitimate penological interest as opposed to discriminatory.

A § 1983 plaintiff alleging an equal protection violation must prove that: (1) the defendants treated plaintiff differently from others similarly situated; (2) the unequal treatment was based on an impermissible classification; (3) the defendants acted with discriminatory intent in applying this classification; and (4) plaintiff suffered injury as a result of the discriminatory classification. Moua v. City of Chico, 324 F.Supp.2d 1132, 1137 (E.D. Cal. 2004); see also Barren v. Harrington, 152 F.3d

4

1193, 1194 (9th Cir. 1998) (plaintiff must demonstrate that he "received different treatment from that received by others similarly situated," and that the treatment complained of was under color of state law). Plaintiff has not pleaded facts in support of these elements, has not shown any different treatment based on any impermissible classification, and has not shown any injury. Instead, he has affirmatively pleaded that Defendant continued Plaintiff's long-standing Keyhea medication order based on legitimate penological concerns of safety, including an examination of his C-file and history, concerns that he presented a danger to staff, and concerns that Plaintiff was not taking his medications.

Finally, Plaintiff seeks to re-allege his claim for an Eighth Amendment violation based on his continued Keyhea order and the resulting medication side effects. The Eighth Amendment demands, among other things, that prison officials not act in a manner "sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). An Eighth Amendment claim based on inadequate medical care has two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992). A medical need is "serious" "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" Id. (quoting Estelle, 429 U.S. at 104); see also Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).

Here, Plaintiff's allegations do not support any Eighth Amendment claim. He alleges that he had been under a Keyhea medication order for years, and Defendant ordered that the order be renewed and continued. Among her reasons was that Plaintiff had not been taking all his medication and she was concerned he would not take his medication without the order in place. She also reviewed his C-file and history of incidents, and had concerns for staff safety. Further, upon Plaintiff's complaints of side-effects from the medication, Defendant ordered an EKG to check Plaintiff's condition. Although the test revealed chest pain, Defendant determined that Plaintiff's medication should be continued despite the side effect.

An inadvertent failure to provide adequate medical care, mere negligence or medical malpractice, a mere delay in medical care, or a difference of opinion over proper medical treatment, are insufficient to violate the Eighth Amendment. Estelle, 429 U.S. at 105-06; Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Shapley v. Nevada Bd. of State Prison Commissioners, 766 F.2d 404,

407 (9th Cir. 1984); O'Loughlin v. Doe, 920 F.2d 614, 617 (1990). Plaintiff may have pleaded a disagreement between himself and Defendant regarding his medical care, but has not shown that she was deliberately indifferent to his condition. Instead, his complaints were evaluated, and Defendant determined that the medication was nevertheless necessary. Plaintiff has not pleaded any facts showing more than a difference of opinion between a medical provider and a prisoner on medical treatment here.

Further, although Plaintiff states that Defendant gave false testimony regarding the cellmate stabbing and that she knew the incident had not occurred, Plaintiff does not allege any facts in support of that conclusory allegation. Rather, he has pleaded that his C-file showed a history of violent behavior and incidents with staff, that Defendant was concerned about his past violent behavior, and that, as noted above, Defendant was concerned that Plaintiff was not taking medication. Plaintiff further alleges that Defendant acted for these purposes. Plaintiff's conclusory allegations lack plausibility in light of the overall allegations.

The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In this case, Plaintiff has shown through his additional allegations that he is not able to maintain any cognizable claim, and therefore his motion for leave to amend should be denied as futile, and this action should be dismissed.

## IV.

## SANCTIONABLE CONDUCT

Plaintiff has also made inappropriate comments in his motion to amend regarding Defendant that are harassing in nature. This includes the statement in his brief that, "[a]lthough defendant Kvichko is NOT a Barbara Eden in the face, the psychiatrist does have a very nice backside." (ECF No. 20, at 5.) Such harassing and improper conduct will not be tolerated, and is sanctionable. See Rule 11(c). These comments have no place in a Court or law, or society for that matter, and will never be tolerated.

Plaintiff is warned that any future harassing, improper conduct will also result in dismissal of this action.

**V.**

**CONCLUSION**

For the reasons explained above, it is HEREBY ORDERED that:

1. Plaintiff's motion to strike Defendant's opposition to Plaintiff's motion to amend (Doc. No. 31) is denied;

2. Plaintiff's motion for leave to amend (Doc. No. 20) is denied;

3. Within fourteen (14) days from the date of service of this order, Plaintiff shall show cause why this action should not be dismissed for the failure to state a cognizable claim; and

4. <u>The failure to respond to this order will result in dismissal of this action, with prejudice.</u>

IT IS SO ORDERED.

Dated: **August 27, 2018**

UNITED STATES MAGISTRATE JUDGE