# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND ALFORD BRADFORD, <br><br> Plaintiff, <br><br> v. <br><br> E. KVICHKO, <br><br> Defendant. | Case No.: 1:16-cv-01077-LJO-SAB (PC) <br><br> ORDER DENYING PLAINTIFF'S MOTION FOR AN ORDER COMPELLING DISCOVERY <br> (ECF No. 32) <br><br> ORDER GRANTING DEFENDANT'S REQUEST FOR A STAY OF DISCOVERY <br> (ECF No. 47) |

## I.

## INTRODUCTION

Plaintiff Raymond Alford Bradford is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion for an order compelling discovery, filed on August 23, 2018. (ECF No. 32.) Defendant filed a timely opposition to the motion, with a request for a stay of discovery, on September 10, 2018. (ECF No. 47.) Although the time to reply has not expired, due to the special circumstances of this case, the Court does not find any reply necessary and finds it appropriate to immediately rule on this motion. Local Rule 230(l).

## II.

## MOTION TO COMPEL

Plaintiff's motion seeks an order compelling Defendant to produce documents for authentication purposes for inspection and copying. Although the motion states to see attached

1

requests, no requests were attached. In support, Plaintiff declares that he served Defendant on June 25, 2018, but did not receive any documents.

In opposition, Defendant submits a declaration of counsel with an attached copy of Defendant's requests for production of documents and proof of service, declaring that Plaintiff's discovery requests were served on Defendant on June 28, 2018. (Samson Decl., ECF No. 47-1, ¶ 2, Ex. A.) Under this Court's June 13, 2018 discovery and scheduling order, responses to written discovery requests must be served within forty-give (45) days of service. Further, under Federal Rule of Civil Procedure 6, because service was made by mail, three (3) days are added to this deadline to account for mailing. Fed. R. Civ. P. 6(d). Thus, responses were due on or before August 15, 2018.

Defense counsel further declares that Defendant's responses to the requests for production of documents were served on Plaintiff on August 14, 2018, one day before the deadline. (Samson Decl. ¶ 4, Ex. B.) Defendant has provided a copy of the responses and a declaration of service by U.S. mail in support. (*Id*. at 17-31, 32.)

Based on the foregoing, Plaintiff's motion to compel is moot, and it is denied. The Court turns to Defendant's request for a stay of discovery.

## III.
## REQUEST FOR STAY

Defense counsel declares that Plaintiff served requests for interrogatories and requests for admissions on Defendant on August 26, 2018 and August 28, 2018, respectively. (Samson Decl. ¶ 5.) On August 28, 2018, the Court issued an order to show cause why this action should not be dismissed. Therefore, Defendant requests that discovery be stayed while the order to show cause is pending.

The Court is vested with broad discretion to manage discovery. *Dichter-Mad Family Partners, LLP v. United States*, 709 F.3d 749, 751 (9th Cir. 2013) (per curiam); *Hunt v. Cnty. of Orange*, 672 F.3d 606, 616 (9th Cir. 2012); *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005); *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002). Pursuant to Rule 26(c)(1), the Court may, for good cause, issue a protective order forbidding or limiting discovery. The avoidance of undue burden or expense is grounds for the issuance of a protective order, Fed. R. Civ. P. 26(c), and a stay of discovery pending resolution of potentially dispositive issues furthers the goal of efficiency for

the courts and the litigants, *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988) (stay of discovery pending resolution of immunity issue).

Here, the Court finds good cause to grant Defendant's motion for a protective order staying discovery pending resolution of the order to show cause. The Court has recently received Plaintiff's response to the order, and intends to issue findings and recommendations on the matter forthwith. Thus, a brief stay of discovery while that matter is resolved with promote efficiency and the conservation of judicial resources.

## IV.
## CONCLUSION

For the reasons explained, it is HEREBY ORDERED that:

1. Plaintiff's motion for an order compelling discovery, filed on August 23, 2018 (ECF No. 32) is denied, as moot;

2. Defendant's motion requesting a stay of discovery is granted; and

3. All discovery in this case is stayed for sixty (60) days to allow for the resolution of the order to show cause issued on August 28, 2018.

IT IS SO ORDERED.

Dated: **September 17, 2018**

UNITED STATES MAGISTRATE JUDGE