**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RAYMOND ALFORD BRADFORD,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>E. KVICHKO,<br><br>　　　　　Defendant. | Case No.: 1:16-cv-01077-LJO-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL FOR THE FAILURE TO STATE A CLAIM, AND RECOMMENDING TERMINATING SANCTIONS FOR BAD FAITH, HARASSING, AND FRIVOLOUS LITIGATION<br><br>(ECF Nos. 37, 46)<br><br>**THIRTY-DAY DEADLINE** |

**I.**

**BACKGROUND**

Plaintiff Raymond Alford Bradford is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff initiated this action by filing a complaint on July 26, 2016. (ECF No. 1.) On February 2, 2018, the then-presiding District Judge ruled that this matter would proceed on Plaintiff's claim for deliberate indifference to a serious medical need in violation of the Eighth Amendment against Defendant Kvichko. (ECF No. 8.) On February 21, 2018, service of the complaint was initiated. (ECF No. 9.) Shortly thereafter, on March 2, 2018, the matter was reassigned to the current District Judge. (ECF No. 10.)

On June 12, 2018, Defendant answered the complaint, on extension. (ECF No. 17.) On June 13, 2018, the Court issued a discovery and scheduling order. (ECF No. 19.)

1

| | |
|---|---|
| 1 | On July 2, 2018, Plaintiff filed a motion to amend the complaint. (ECF No. 20.) On July 30, |
| 2 | 2018, the Court ordered a response to Plaintiff's motion to amend, as it was overdue from Defendant. |
| 3 | (ECF No. 23.) Plaintiff objected to that order on August 10, 2018, arguing that allowing Defendant to |
| 4 | file any late response to the motion to amend was clearly erroneous. (ECF No. 24.) The Court |
| 5 | overruled Plaintiff's objection on August 14, 2018. (ECF No. 30.) |

On July 2, 2018, Plaintiff filed a motion to amend the complaint. (ECF No. 20.) On July 30, 2018, the Court ordered a response to Plaintiff's motion to amend, as it was overdue from Defendant. (ECF No. 23.) Plaintiff objected to that order on August 10, 2018, arguing that allowing Defendant to file any late response to the motion to amend was clearly erroneous. (ECF No. 24.) The Court overruled Plaintiff's objection on August 14, 2018. (ECF No. 30.)

On August 13, 2018, Defendant filed an opposition to Plaintiff's motion to amend. (ECF No. 27.) Defendant explained that a response was not originally filed due to a determination that Plaintiff's motion for leave to amend was procedurally inadequate for the failure to provide a proposed amended pleading with the motion. (Id. at 1.) This objection, along with an opposition to the greater substance of Plaintiff's motion, was supplied by Defendant in response to the Court's order.

Plaintiff filed a reply to the opposition on August 23, 2018. (ECF No. 33.) Plaintiff also filed a motion to strike Defendant's opposition, again asserting that the opposition must be stricken from the record because it was filed beyond the deadline, despite the Court's previous rulings. (ECF No. 31.)[1]

On August 28, 2018, the Court denied Plaintiff's motion to strike and motion for leave to file an amended complaint, and issued an order to show cause why this matter should not be dismissed. (ECF No. 37.) The Court found that Plaintiff's motion to strike was duplicative, and warned him against repetitive or duplicative filings. (Id. at 2.) Further, in evaluating the proposed additional factual allegations that Plaintiff submitted, the Court found that he did not state any cognizable claim in this action, and therefore it appeared that this action should be dismissed. (Id. at 3-6.) Nevertheless, Plaintiff was permitted an opportunity to show cause in writing why this case should not be dismissed for the failure to state a cognizable claim. (Id. at 7.) Finally, the Court noted that Plaintiff had made inappropriate comments in his motion to amend regarding Defendant that were harassing in nature. (Id. at 6.) Plaintiff was warned that any such further conduct would lead to sanctions.

---

[1] The Court agreed that Plaintiff did not comply with the technical requirements of Local Rule 137(c). However, due to Plaintiff's pro se status and the inclusion of proposed factual allegations in the substance of his motion, the Court found it appropriate to evaluate the motion on the merits, and therefore ordered a response from Defendant. Local Rule 230(l).

Currently before the Court is Plaintiff's objection to the August 28, 2018 order denying Plaintiff's motion to strike and motion for leave to amend, and objection and response to the order to show cause, filed on September 7, 2018. (ECF No. 46.)

**II.**

**SHOW CAUSE RESPONSE**

Plaintiff's response contains abusive, inappropriate language that the Court must unfortunately recount to the extent necessary to make these findings and recommendations. Numerous improper language about the Court is contained in Plaintiff's filing, including referring to the Court as "pathetic," "super-stupid," "a retarded toddler," "dirty," and "a boneheaded judge." (ECF No. 46, at 1-2.) The Plaintiff further states that the Court has little knowledge of the law and is usurping judicial power by making rulings in this case, which shows an inability to follow and respect the Court's orders. Notably, as explained above, the Court has repeatedly ruled on Plaintiff's objection to allowing Defendant to file a late response to Plaintiff's motion to amend, and has warned Plaintiff against making repetitive or duplicative filings. Nevertheless, Plaintiff again raises the same objection in his show cause response, with no new argument or law in support. Although objections or arguments to reconsider a ruling may be appropriately raised, the litany of name-calling and inappropriate conduct here is intolerable, as is the waste of judicial resources.

Plaintiff has also engaged in additional harassing conduct against Defendant that the Court cannot allow. Plaintiff states in his opposition that he suspects "the judge has a secret crush on [Defendant] for he too desires a big butt girl . . . every now and again." (Id. at 1 (ellipses in original).) Previously, Plaintiff had stated in a filing that, "[a]lthough defendant Kvichko is NOT a Barbara Eden in the face, the psychiatrist does have a very nice backside." (ECF No. 20, at 5.) The Court strenuously warned Plaintiff against such intolerable conduct having no place in a Court of law or in society, and yet Plaintiff has once again made harassing comments toward Defendant and the Court.

Rule 11 "provides for the imposition of sanctions when a filing is frivolous, legally unreasonable, or without factual foundation, or is brought for an improper purpose." Estate of Blue v. Cty. of Los Angeles, 120 F.3d 982, 985 (9th Cir. 1997). "'Frivolous filings' are those that are 'both baseless and made without a reasonable and competent inquiry.'" Buster v. Greisen, 104 F.3d 1186,

1190 (9th Cir. 1997) (quoting Townsend v. Holman Consulting Corp., 929 F.2d 1358, 1362 (9th Cir. 1990) (en banc)). "The test for whether Rule 11 is violated does not require a finding of subjective bad faith by the attorney or unrepresented party." McMahon v. Pier 39 Ltd. P'ship, No. C03-00251 CRB, 2003 WL 22939233, at *6 (N.D. Cal. Dec. 5, 2003).

In addition to Rule 11, courts also have the "inherent power to levy sanctions, including attorneys' fees, for 'willful disobedience of a court order . . . or when the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" Fink v. Gomez, 239 F.2d 989, 991 (9th Cir. 2001) (quoting Roadway Express, Inc. v. Piper, 447 U.S. 752, 766 (1980)). Under the court's inherent power, sanctions are only available "if the court specifically finds bad faith or conduct tantamount to bad faith." Id. at 994. Conduct that is tantamount to bad faith includes "recklessness when combined with an additional factor such as frivolousness, harassment, or an improper purpose." Id.

It is well-settled in the Ninth Circuit that the filing of "successive complaints based upon propositions of law previously rejected may constitute harassment under Rule 11." Buster v. Greisen, 104 F.3d 1186, 1190 (9th Cir. 1997), as amended on denial of reh'g (Mar. 26, 1997) (quoting Zaldivar v. City of Los Angeles, 780 F.2d 823, 833 (9th Cir. 1986). This is true even when a plaintiff is proceeding pro se. E.g., Valtierra v. World Sav. Bank, No. 1:12-CV-1227 AWI BAM, 2012 WL 5396689, at *3 (E.D. Cal. Nov. 2, 2012).

Here, the Court finds bad faith conduct and harassing, abusive litigation practices by Plaintiff. Foremost are the repeated inappropriate comments made about Defendant and the Court, despite a stern and clear warning. Plaintiff's vexatious filings support finding that this litigation is being pursued for the improper purpose of harassing Defendant. Plaintiff's conduct also shows a lack of respect for the Court and a willful refusal to follow its rulings.

As detailed above, Plaintiff has also engaged in the needless multiplying of proceedings here despite the Court's warnings, such as repeatedly filing the same motion and objection with no new argument or information. The Court has also issued several other orders on Plaintiff's almost-daily filings, each denying or striking those filings as unsupported, repetitive, or duplicative. (See ECF Nos. 38, 41, 45.) Most recently, the Court denied Plaintiff's motion to compel discovery responses, which was made before the deadline for such responses had passed. (Order Den. Pl.'s Mot. to Compel, ECF

No. 48.) The motion was not withdrawn by Plaintiff even though Defendant served responses before the applicable deadline. Instead, Defendant was required to expend resources filing an opposition and declaration of counsel in support, and the Court was forced to use its limited judicial resources ruling on the improper motion. (Id. at 1-2.) Although the Court construes Plaintiff's filings liberally due to his pro se status, his course of conduct throughout this litigation, combined with his disrespect of the Court and the parties, cannot be excused.

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988).

Plaintiff's failure to comply with court orders, needless multiplying of the proceedings, and abusive, harassing tactics, weigh heavily in favor of dismissal. Although there is a public interest in resolving a case on the merits, this is outweighed where the plaintiff's bad faith conduct is being used to harass the parties and the Court and waste judicial resources. Lesser sanctions are also not warranted here, where repeated warnings and orders by the Court are ignored, and monetary sanctions are of little use given that Plaintiff proceeds in forma pauperis in this case. Thus, the Court recommends that this action be terminated for the reasons explained above.

## III.

## FAILURE TO STATE A CLAIM

Even if terminating sanctions are not found to be appropriate, the undersigned also recommends that this case be dismissed for the failure to proceed on a cognizable claim. In Plaintiff's original complaint, he alleged that on December 16, 2015, psychiatrist E. Kvichko filed a Keyhea petition to forcefully medicate him with psychotropic medications, based on allegations that Plaintiff stabbed his cellmate and is a danger to others. Plaintiff further alleged that Defendant Kvichko's petition was based on false allegations and lies, and Defendant Kvichko gave false testimony to deliberately punish and harm Plaintiff. The psychotropic medications that Plaintiff is being forced to take give him severe chest pain and blurred vision. Although Plaintiff has complained to Defendant

Kvichko about the side effects, his complaints have been met with no avail, and he is told that "all medication has side effects." (Compl., ECF No. 1, at 3.)

In his motion for leave to amend his complaint, Plaintiff provided proposed supplemental allegations. (Pl.'s Mot. to Amend, ECF No. 20.) Among the additional details that Plaintiff alleges is that after some time of complaining to staff about his medication side effects, Defendant Kvichko ordered an EKG to monitor his heart. It confirmed some of Plaintiff's problems of chest pains. Defendant met with Plaintiff to explain the test results, and stated that although his medication would cause some chest pain, his request to have the medication discontinued would be denied. (Id. at ¶¶ 4-5.)

Plaintiff also alleged that Defendant Kvichko told him during another interview that she reviewed his C-File history. Defendant noted Plaintiff's "very bad past," including exposing his penis and masturbating, gassing staff, and stabbing his cellmate. Later, Defendant told Plaintiff that she was going to extend his Keyhea order, which he had been under for years. Defendant stated that Plaintiff did not take all his prescribed Keyhea medications, and she did not believe he would take it without the order in place. (Id. at ¶¶ 6-7, 11-13.)

At the Keyhea hearing, Defendant testified that Plaintiff would harm or kill someone if he was taken off his medication, and that he had stabbed his cellmate as shown in his C-File. On cross-examination, Plaintiff asked if Defendant had read the C-file and what did it say about Plaintiff stabbing his cellmate. Defendant responded that it was true, that's why it's there, and that's why he needs a Keyhea order. (Id. at ¶¶ 14-15.)

The Eighth Amendment demands, among other things, that prison officials not act in a manner "sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). An Eighth Amendment claim based on inadequate medical care has two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992). A medical need is "serious" "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" Id. (quoting Estelle, 429 U.S. at 104); see also Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).

Here, Plaintiff's allegations do not support any Eighth Amendment claim. He alleges that he had been under a Keyhea medication order for years, and Defendant ordered that the Keyhea medication order be renewed and continued. Among her reasons was that Plaintiff had not been taking all his medication and she was concerned that he would not take his medication without the order in place. She also reviewed his C-file and history of incidents, which included concerns for staff and inmate safety. Further, upon Plaintiff's complaints of side-effects from the medication, Defendant ordered an EKG to check Plaintiff's condition. Although the test revealed chest pain, Defendant determined that Plaintiff's medication should be continued despite the side effect.

An inadvertent failure to provide adequate medical care, mere negligence or medical malpractice, a mere delay in medical care, or a difference of opinion over proper medical treatment, are insufficient to violate the Eighth Amendment. Estelle, 429 U.S. at 105-06; Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Shapley v. Nevada Bd. of State Prison Commissioners, 766 F.2d 404, 407 (9th Cir. 1984); O'Loughlin v. Doe, 920 F.2d 614, 617 (1990). Plaintiff may have pleaded a disagreement between himself and Defendant regarding his medical care, but has not shown that she was deliberately indifferent to his condition. Instead, his complaints were evaluated, and Defendant determined that the medication was nevertheless necessary. Plaintiff has not pleaded any facts showing more than a difference of opinion between a medical provider and a prisoner on medical treatment here.

Further, although Plaintiff states that Defendant gave false testimony regarding the cellmate stabbing and that she knew the incident had not occurred, Plaintiff does not allege any facts in support of that conclusory allegation. Rather, he has pleaded that his C-file showed a history of violent behavior and incidents with staff, that Defendant expressed concerns about his past behavior, and that, as noted above, Defendant was concerned that Plaintiff was not taking medication. Plaintiff further alleges that Defendant acted for these purposes. Plaintiff's conclusory allegations lack plausibility considering the overall allegations.

The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. §

1915(e)(2)(B). In this case, Plaintiff has shown through his additional allegations that he is not able to maintain any cognizable claim. Therefore, this action should be dismissed for the failure to state a cognizable claim for relief, without any additional leave to amend.

## IV.

## CONCLUSION

For the reasons explained, the Court HEREBY RECOMMENDS that this action be dismissed as a terminating sanction for Plaintiff's bad faith, frivolous, and harassing litigation, and for the failure to state a claim upon which relief may be granted.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendation, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **September 18, 2018**

UNITED STATES MAGISTRATE JUDGE